United States District Court
Southern District of Texas
**ENTERED**
October 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ALVARO CARTAGENA-LOPEZ, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 1:16-150 | |
| § | Criminal No. B:14-575-1 | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 21, 2016, Petitioner Jose Alvaro Cartagena-Lopez filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. [1]

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

### I. Procedural and Factual Background

On July 29, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Cartagena-Lopez for illegally re-entering the United States after having been previously deported[2], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Cartagena-Lopez, Criminal No. 1:14-575-1, Dkt. No. 7 (hereinafter "CR").

---

[1] Cartagena-Lopez dated his petition June 21, 2016. Dkt. No. 1, p. 6. The petition is considered filed when it is turned over to the prison authorities for mailing. Cooper v. Brookshire, 70 F.3d 377, 378-81 (5th Cir. 1995). Based upon the notations found on the mailing envelope, it appears that Cartagena-Lopez turned the mailing over to the prison on June 21st. Dkt. No. 1, p. 9. Accordingly, the Court will consider the petition to have been filed on that date.

[2] While the indictment alleged that Cartagena-Lopez had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

### A. Rearraignment

On August 6, 2014, Cartagena-Lopez appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 11.

On that same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Cartagena-Lopez's plea of guilty. CR Dkt. No. 11.

### B. Sentencing

In the final presentence report ("PSR"), Cartagena-Lopez was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 15, p. 4. Cartagena-Lopez was also assessed an additional 16-level enhancement because he had a prior aggravated felony conviction, namely a 1990 Texas state conviction for aggravated assault with a deadly weapon. Id. Cartagena-Lopez received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Cartagena-Lopez was assessed a total offense level of 21.

Regarding his criminal history, Cartagena-Lopez had two adult criminal convictions and was assessed three criminal history points, resulting in a criminal history category of II. CR Dkt. No. 15, pp. 5-7. Based upon Cartagena-Lopez's offense level of 21 and criminal history category of II, the presentence report identified a guideline sentencing range of 41 to 51 months of imprisonment. Id., p. 14.

On November 10, 2014, the District Judge adopted the Magistrate Judge's report and recommendation, accepting Cartagena-Lopez's guilty plea. CR Dkt. No. 20.

On that same day, the District Court sentenced Cartagena-Lopez to 41 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 22. The judgment was entered on December 5, 2014. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Cartagena-Lopez's deadline for filing a notice of direct appeal passed on December 19, 2014. Id.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On June 21, 2016, Cartagena-Lopez timely[3] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Cartagena-Lopez asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 2.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

**II. Applicable Law**

**A. Section 2255**

Cartagena-Lopez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so

---

[3] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Cartagena-Lopez filed his appeal within one-year from the date which Johnson was decided. Therefore, the appeal is timely.

on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Cartagena-Lopez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Cartagena-Lopez's claim.

#### A.  Johnson is Inapplicable

Cartagena-Lopez asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added).  The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Cartagena-Lopez, none of it applies to his case. Cartagena-Lopez was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 6. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 15. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Cartagena-Lopez with a vehicle for relief.

### B. Gonzalez-Longoria Affords No Relief

Cartagena-Lopez makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed this issue in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Cartagena-Lopez may have

found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[4]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Thus, Cartagena-Lopez finds no relief under Gonzalez-Longoria.[5] As discussed further below, despite Cartagena-Lopez's continued focus upon the "crime of violence" language as set forth in the ACCA and in 18 U.S.C. § 16(b), his sentence was not enhanced pursuant to either. Instead, Cartagena-Lopez's sentence was enhanced pursuant to the term "crime of violence," as defined in the sentencing guidelines.[6]

### C. Sentencing Guidelines Enhancement

An examination of Cartagena-Lopez's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), a 16 level enhancement was added to Cartagena-Lopez's offense level, because he had a prior felony conviction for a crime of violence. CR Dkt. No. 15.

Cartagena-Lopez was convicted of aggravated assault with a deadly weapon, pursuant to Tex. Penal Code § 22.02, in 1990. CR Dkt. No. 21, p. 1. Aggravated assault is a

---

[4] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

[5] The Court notes that the Supreme Court has granted a writ of certiorari to determine if § 16(b) is constitutional. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague). The mere granting of certiorari does not relieve this Court of its responsibility to apply binding Fifth Circuit precedent. Unless and until the Supreme Court overrules Fifth Circuit precedent, this Court is bound by it. Castro-Jiminez v. Bulger, 104 F. App'x 440, 441 (5th Cir. 2004) (unpubl.) (citing Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)).

[6] The Court notes that the definition of "crime of violence," in the sentencing guidelines is substantively identical to the definition found at 18 U.S.C. § 16(a), which has never been constitutionally attacked. U.S. v. Dominguez-Hernandez, 98 F. App'x 331, 334 (5th Cir. 2004) (unpubl.).

6

specifically enumerated crime of violence under the sentencing guidelines. Application Note 1(B)(iii) of Sentencing Guideline § 2L1.2  The Fifth Circuit has already decided that an aggravated assault conviction in Texas is a "crime of violence." U.S. v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir. 2007).

Thus, Cartagena-Lopez's sentence enhancement was not based upon a vague residual clause, but rather was the result of a specifically enumerated crime, that the Fifth Circuit has previously held is a crime of violence.  Accordingly, the 16-level enhancement was proper and Cartagena-Lopez's claim is meritless.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Eduardo Cartagena-Lopez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Cartagena-Lopez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Cartagena-Lopez's § 2255 motion raises issues that the Court has

carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on October 13, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge